IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVONTE LINDSEY,** | |
| Plaintiff, | |
| v. | Case No. 24-cv-2290-RJD |
| **MAJOR McCLANAHAN, NURSE PRACTITIONER CRANE, and DIETARY MANAGER L. HANNA,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Travonte Lindsey, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Lindsey alleges that he was served oatmeal infested with bugs and Defendants failed to provide him with medical care.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Lindsey makes the following allegations: On October 12, 2023, while housed in Menard's North 2 segregation unit, Lindsey received oatmeal for breakfast (Doc. 1, p. 7). After eating the oatmeal, Lindsey developed stomach pains and vomiting (*Id.*). Lindsey examined his oatmeal and noted small insects in his food (*Id.*). He also heard other inmates complaining about insects in their oatmeal.

Major McClanahan and other officers entered the unit and began taunting the inmates (*Id.*). McClanahan claimed that the insects in their breakfast was in response to inmates previously holding the yard hostage (*Id.* at pp. 7-8). He threatened the inmates that they could face additional consequences if they continued to interfere with prison security (*Id.* at p. 8). McClanahan denied Lindsey access to medical and mental health care screening after the incident.

Lindsey continued to experience stomach aches and vomiting for five days (*Id.*). He could not eat or move (*Id.*). He filled out sick call request slips but never saw medical staff for his illness. He complained directly to Nurse Practitioner Crane when she walked through the gallery (*Id.*). He also asked for medical care (*Id.*). She told him to stop whining because the bugs did not do that much damage to Lindsey. She told him to drink more water. She refused to examine him or provide him with any medical care (*Id.* at pp. 8-9).

Lindsey alleges that, as the dietary manager, L. Hanna knew that there were bugs in the oatmeal and let dietary workers cook and serve the oatmeal with bugs in it to the inmates (*Id*. at p. 9).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** Eighth Amendment conditions of confinement claim against Major McClanahan for purposefully serving Lindsey food infested with bugs.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Major McClanahan for refusing to provide Lindsey with medical and/or mental health care after eating bug infested oatmeal.
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Nurse Practitioner Crane for refusing to evaluate or treat Lindsey after eating bug infested oatmeal.
>
> **Count 4:** Eighth Amendment conditions of confinement claim against L. Hanna for serving Lindsey oatmeal infested with bugs.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[2] This includes all claims against the defendants in their official capacities. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, Lindsey states viable claims against McClanahan in Counts 1 and 2. Although isolated incidents of food contamination do not usually rise to the level of a constitutional violation, *see Morris v. Buege*, No. 23-cv-11-pp, 2023 WL 2465882, at *3 (E. D Wisc. Mar. 10, 2023); *Jackson v. Lang*, No. 09 C 5123, 2010 WL 3210762, at *1 (N.D. Ill. Aug. 10, 2010) (one incident of finding rodent parts in a meal did not rise to the level of a constitutional violation) (citing *George v. King*, 837 F.3d 705, 707 (7th Cir. 1988)), in this case Lindsey alleges that McClanahan purposefully put insects in the oatmeal to punish inmates for their behavior on the yard. That is enough to state a claim at this stage. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Green v. Beth*, 663 F. App'x 471, 473-474 (7th Cir. 2016) (administrators were aware of problems with contaminated food and ignored it). Lindsey also adequately alleges that he requested medical and mental healthcare from McClanahan but was denied care. Thus, Counts 1 and 2 shall proceed against McClanahan.

Lindsey also states a claim in Count 3 for Nurse Practitioner Crane's refusal to provide Lindsey with medical treatment for his illness. Lindsey alleges that he informed Crane of his symptoms and asked for treatment, but Crane refused to provide him with any care. She simply told him to drink more water. Thus, Count 3 shall proceed against Crane.

Lindsey fails, however, to allege a claim against Dietary Manager L. Hanna. Lindsey merely states in conclusory fashion that Hanna knew bugs were inside the food and did not recook the food without bugs (Doc. 1, p. 9). He also alleges Hanna let dietary workers serve the food. But there are no allegations to suggest that Hanna was made

4

aware of the condition of the food prior to it being served to the inmates. Lindsey offers only a conclusory statement that Hanna was aware of the conditions of the food. Without more, Lindsey fails to allege that Hanna knew about the conditions of the food and acted with deliberate indifference. Thus, Count 4 against Hanna is **DISMISSED without prejudice**.

## Motion for Counsel

As to Lindsey's motion for counsel (Doc. 3), he alleges that this is the first time he has filed a lawsuit and only received some high school education. He also includes a letter from a law firm who declined to take his case and notes that he wrote other firms who never responded to his requests. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[3] Defendants have not yet been served nor has a scheduling order been entered. Thus, there is nothing currently pending that would require the assistance of counsel. Once Defendants have been served and filed an Answer, the Court will enter a scheduling order regarding the discovery process. If after review of that Order, Lindsey experiences difficulties conducting discovery on his own, he may submit another request for counsel at that time. His current motion for counsel (Doc. 3) is **DENIED.**

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

### Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against Major McClanahan. Count 3 shall proceed against Nurse Practitioner Crane. Count 4 against Hanna is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Major McClanahan and Nurse Practitioner Crane: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Lindsey. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Lindsey, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Lindsey, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lindsey is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 3, 2024.**

>*/s/ Reona J. Daly*
>REONA J. DALY
>U.S. Magistrate Judge

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before

defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**